IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSE LUIS URIBE,<br><br>　　　　　Defendant.<br>_____/ | CASE NOS. CR F 06-0267 LJO and CV F 08-0037 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Doc. 23.) |

### INTRODUCTION

Defendant Jose Luis Uribe ("defendant") is a federal prisoner and seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's motion to vacate, set aside or correct his sentence on the record and DENIES the motion.

### BACKGROUND

#### Charges And Plea Agreement

An August 10, 2006 indictment charged defendant with Count I, violation of 18 U.S.C. § 922(g)(1) ("section 922(g)(1)") – felon in possession of a firearm, and Count II, violation of 18 U.S.C. § 922(g)(3) – drug user in possession of a firearm.

Defendant entered into a March 14, 2007 F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plea guilty to Count I (felon in possession of a firearm). The plea agreement provided defendant's knowing and voluntary waiver of his

constitutional and statutory rights to appeal his plea, conviction and sentence and defendant's agreement "not to contest his plea, conviction and sentence in any post-conviction proceeding, including a section 2255 proceeding." Defendant further agreed "not to move for a downward departure of his sentence" and to not "raise an issue or present any evidence for the purpose of any inference that the defendant would like the Court to impose a sentence lower than the guideline calculation." Under the plea agreement, defendant is precluded to seek a downward departure of his offense level, criminal history category or criminal history as defined by the U.S. Sentencing Guidelines ("Sentencing Guidelines"). Defendant acknowledged that this Court, after consultation and consideration to the Sentencing Guidelines, "must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." The United States of America ("Government") agreed to recommend that defendant be sentenced "at the low end of the applicable guideline range," a 30-month sentence.

### Sentencing

This Court conducted a May 10, 2007 sentencing hearing at which defendant told this Court: "I would like to apologize to the Court for my bad choices in this case. And I want you to know that I do regret committing that crime that I committed." This Court sentenced defendant to 30 months imprisonment followed by a three-year term of supervised release. This sentence was consistent with the plea agreement. This Court waived the $100 special assessment fee. This Court specifically stated that it had considered the factors under 18 U.S.C. § 3553(a). Defendant did not file a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals.

### Section 2255 Motion

On January 8, 2008, defendant filed his section 2255 motion to claim:

1. An insufficient connection between defendant's alleged firearm possession and interstate commerce to apply section 922(g)(1);
2. Unfair prejudice from evidence of defendant's prior conviction;
3. Ineffective assistance of counsel to ensure a lower sentence; and
4. This Court's failure to consider mitigation factors.

/ / /

/ / /

**DISCUSSION**

**Waiver**

Defendant's waiver to collaterally attack his sentence with a 2255 motion precludes most of his claims.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." Abarca, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. When reviewing the plea agreement in open court, defendant acknowledged his commission of Count I (felon in possession of firearm) and his understanding of his plea's ramifications given his apology for "my bad choices." As such, defendant is barred to pursue his frivolous claims of an insufficient connection between defendant's alleged firearm possession and interstate commerce to apply section 922(g)(1), unfair prejudice from evidence of defendant's prior conviction, and this Court's failure to consider mitigation factors. Because defendant waived his right to collaterally attack his sentence in a 2255 motion, defendant is precluded to raise such issues in a 2255 motion which do not relate to the performance of his attorney. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013. In his plea agreement, defendant agreed not to pursue collateral attacks which he attempts with his § 2255 motion.

Moreover, defendant's claim of insufficient connection to interstate commerce is nullified by defendant's admissions of guilt in the plea agreement and that the "firearm was not manufactured in California, and therefore traveled in and affected interstate commerce." Defendant fails to demonstrate application of F.R.Evid. 609(a)(1) given that it applies to "a witness other than an accused." In addition,

defendant was sentenced to the lower end of the Sentencing Guidelines to diminish effects of his prior conviction. Defendant offers nothing to substantiate that this Court considered "sentencing factors relevant only to increased punishment" again given that defendant was sentenced to the lower end of the Sentencing Guidelines. Furthermore, defendant agreed to seek neither a sentence lower than the Sentencing Guidelines calculation nor a downward departure of his criminal history.

## **Ineffective Assistance Of Counsel**

Defendant claims ineffective assistance of counsel to ensure a lower sentence. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven

prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the trial was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

Defendant faults counsel's purported failure to challenge this Court's neglect to address 18 U.S.C. § 3553(a) imposition of sentence factors to result "in a far lower sentence." Defendant offers nothing to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. Defendant points to neither unreasonableness of defense counsel nor a reasonable probability of different result, especially considering defendant's admission of guilt and low end sentence. This Court is not in a position to grant defendant a windfall and unwind defense counsel's representation of defendant. Defendant's ineffective assistance of counsel claim fails.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless

5

a circuit justice or judge issues a certificate of appealability ("COA").  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996).  A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard.  28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief.  *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993).  On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction.  A certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability.

IT IS SO ORDERED.

**Dated:   February 6, 2008**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE